RAMÓN ANTONIO FOURNIER, Petitioner and Appellant, *v.* BALBINO GONZÁLEZ, WARDEN OF THE DISTRICT JAIL OF SAN JUAN, Respondent and Appellee.

No. 12297. Submitted March 29, 1958.—Decided April 18, 1958.

Santos P. Amadeo, Rafael V. Pérez Marchand and Gerardo Ortiz
del Rivero for appellant.  J. B. Fernández Badillo, Attorney
General, Arturo Estrella, Assistant Attorney General, Al-
fredo Archilla Guenard and William Fred Santiago, Fiscal
and Assistant Fiscal of the Supreme Court, respectively, for
appellee.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

Ramón Antonio Fournier was found guilty of first-degree
murder.  The only question raised on this appeal is the
following: Does the fact that the jury verdict was rendered
not unanimously but by more than nine votes constitute a
violation of the due process of law guaranteed by the Consti-
tution of the United States and by the Constitution of the
Commonwealth of Puerto Rico?  The appellant maintains
that this question should be answered in the affirmative.  He
claims specifically that the provisions of Article II, sec. 11,
second paragraph of the Constitution of the Commonwealth
of Puerto Rico (L.P.R.A. Vol. 1, p. 181) and of § 185 of
the Code of Criminal Procedure (34 L.P.R.A. § 612), destroy
both the presumption of innocence, and the rule that an
accused can be convicted only by evidence which establishes
his guilt beyond a reasonable doubt, by not requiring that

the jury verdict in criminal cases be rendered unanimously. He therefore alleges that these provisions violate the principle that no person can be deprived of his liberty without due process of law. In our judgment, the contentions of the appellant are baseless and the sentence of the lower court denying the petition for a writ of habeas corpus should be affirmed.

In *People* v. *Fournier*, 77 P.R.R. 208 (1954), we reversed the sentence of life imprisonment imposed on the appellant after he had been judged before a jury and declared guilty of having murdered, by strangulation, his ex-wife, Iris Nereida Hernández Matos. Upon holding that a confession given by the accused and admitted in evidence had been obtained by means of psychological coercion, we ordered a new trial. This was held early in 1955 and again the accused was found guilty of first-degree murder. He was condemned to life imprisonment.[1] On April 19, 1956, in a petition for habeas corpus to the Superior Court, San Juan Part, Fournier urged that the second sentence be set aside on the grounds that the jury verdict in the second case was rendered not unanimously but by vote of more than nine of the jurors. After having issued the writ and heard the case on the merits, the lower court denied the petition. Fournier appealed to this Supreme Court on July 9, 1957. His attorneys' brief in support of the appeal was filed on November 8, 1957. The prosecuting attorney's reply brief was filed on February 28, 1958. The appellant having moved for a hearing to argue his case orally in the Supreme Court, the same was held on March 29, 1958, date on which the appeal was finally submitted.

---

[1] Section 202 of the Penal Code (33 L.P.R.A. § 634) provides that any person guilty of first-degree murder shall be punished by life imprisonment in the penitentiary. The death penalty was abolished provisionally in Puerto Rico in 1917. See Act No. 36 of November 30, 1917 (Sess. Laws, Vol. II, p. 324). Act No. 42 of April 26, 1929 (Sess. Laws, p. 232) abolished permanently the death penalty in Puerto Rico. See 33 L.P.R.A. § 634 and 34 L.P.R.A. § 993.

It is admitted that in the second trial of the criminal cause brought against Fournier, the jury declared him guilty of first-degree murder and rendered its verdict by a majority of more than nine, that is, it was not unanimous. Our Constitution's Article II, Sec. 11, par. 2, provides that in all prosecutions for a felony the accused " . . . shall have the right of trial by an impartial jury composed of twelve residents of the district, who may render their verdict by a majority vote which in no case may be less than nine." Prior to 1952, no constitutional guarantee existed in Puerto Rico of trial by jury either in civil or criminal cases, but the Legislature had granted the right to jury trial in cases of felonies and of certain misdemeanors. Section 178, Code of Criminal Procedure, 1935 ed. (34 L.P.R.A. § 462). In 1952 the Constitution of the Commonwealth of Puerto Rico turned the statutory right to jury trial in felony cases into a constitutional right. It fixed permanently at twelve the number of jurors, but did not adopt the requirement of unanimity. It merely disposed that the verdict could never be rendered by less than nine votes, leaving in the hands of the Legislature the faculty of increasing the margin of majority up to unanimity, if it so deemed convenient. See Report of the Bill of Rights Committee of the Constituent Convention of Puerto Rico, 21 Rev. Jur. U.P.R. 1; Journal of Sessions, Constituent Convention of Puerto Rico, pp. 601–03, 606.[2] The Legislature has not exercised this power and, as of today, the provisions of § 185, Code of Criminal Procedure (34 L.P.R.A. § 612) as amended by Act No. 11 of August 19, 1948 (Spec. Sess. Laws, p. 212), are still in force. These provide: "In all cases in which, under the laws of Puerto

[2] We have held that the term "felony" employed in Art. II, sec. 11, par. 2 of the Constitution does not include any offense classified as a "misdemeanor" by legislation enacted before the Constitution went into effect, in which the right to a trial by jury was not necessarily granted, and that in this respect the nature of the offense and the punishment legally prescribed for it are of no importance. See *People* v. *Miranda*, 79 P.R.R. 667 (1956).

Rico, a jury must render a verdict, said verdict shall be by the concurrence of not less than three-fourths (¾) of the jury."

In the first place, it seems obvious to us that lack of unanimity in the verdict rendered by the jury does not violate the due process of law guaranteed by our Constitution. The Constituent Assembly had knowledge of the restrictions that had always, since the beginning of the century, existed in Puerto Rico with respect to jury trial in criminal cases. The peculiar development of the institution of trial by jury in the administration of our criminal justice was taken into account in the constitutional debates. The advantages and disadvantages of said institution were considered and only a limited guarantee, which extends solely to the "felonies" and which does not include the principle of unanimity, was adopted. This appears clearly from the text of Article II, sec. 11, par. 2 of the Constitution. Furthermore, the Bill of Rights Committee and the members of the Constituent Assembly made it clear that they were adopting a constitutional formula that *would permit* the Legislature to increase in the future the margin of majority up to unanimity. It is impossible to suppose that the clause to the effect that: ". . . no person shall be deprived of his liberty . . . without due process of law . . . " (Article II, sec. 7 of the Constitution) or the provision that in all criminal prosecutions the accused shall enjoy the right ". . . to be presumed innocent . . . " (Article II, sec. 11, par. 1 of the Constitution) require a verdict of unanimity when the jury finds an accused guilty of a felony. Obviously, there is no room for interpreting the provisions of our Bill of Rights in such a way that one of them turns out to be inconsistent with another.

Nor can we accept the appellant's contention that because of the fact that he was found guilty by a jury verdict which was not unanimous, that is, in which only more than nine jurors concurred, his rights under the Federal Constitu-

tion were violated. In the federal courts, where the VIth and VIIth Amendments to the Constitution of the United States are applicable, the verdict of a jury of twelve in a criminal case must be unanimous. *American Publishing Co.* v. *Fisher*, 166 U.S. 464; *Andres* v. *United States*, 333 U.S. 740. However, said Amendments are not applicable to the states or to Puerto Rico. *Walker* v. *Sauvinet*, 92 U.S. 90; *Maxwell* v. *Dow*, 176 U.S. 581; *Balzac* v. *Puerto Rico*, 258 U.S. 298. In order to decide this case, we do not have to go into the question of whether the due process clause of the Vth Amendment or that of the XIVth Amendment is applicable to Puerto Rico. *Cf. Mora* v. *Mejías*, 206 F.2d 377, 382 (C.A. 1, 1953); *Stagg, Mather and Hough* v. *Descartes*, 244 F.2d 578, 583 (C.A. 1, 1957). The XIVth Amendment protects only the fundamental rights of an accused to enjoy a fair and impartial trial, but does not require either trial by jury or a unanimous verdict as a method of imparting justice in criminal cases. Thus, in *Maxwell* v. *Dow, supra*, the Supreme Court of the United States held that the due process of law of the XIVth Amendment did not include the right to a grand jury indictment, nor the right to a jury trial. The Court announced the fundamental doctrine that the states were at liberty to determine the rules of procedure in criminal cases including the question as to ". . . whether there shall be a jury of twelve or a lesser number and *whether the verdict must be unanimous or not.*" (At 605.) (Italics ours.) It added that these matters have no relation with the character of the Federal Government and that a state has absolute control over the proceedings in its courts, in civil as well in criminal cases, with the only exception that said proceedings cannot violate fundamental rights or be in conflict with specific provisions of the Federal Constitution which are applicable. The doctrine that the due process of law of the XIVth Amendment does not impose limitations on the states with respect to mere forms of procedure in civil or criminal cases was reaffirmed in *Jordan* v. *Massachusetts*,

225 U.S. 167, 176, specifically stating the following: "In criminal cases due process of law is not denied by a state law which dispenses with a grand jury indictment . . . nor by a law which dispenses with the necessity of a jury of twelve, *or unanimity in the verdict.*" (At 176.) (Italics ours.) This constitutional doctrine has been sustained without any departure until the present time. See *Brown* v. *New Jersey*, 175 U.S. 172; *Twining* v. *New Jersey*, 211 U.S. 78; *Snyder* v. *Massachusetts*, 291 U.S. 97; *Palko* v. *Connecticut*, 302 U.S. 319; *Adamson* v. *California*, 332 U.S. 46; *Rochin* v. *California*, 342 U.S. 165; *Breithaupt* v. *Abram*, 352 U.S. 432. With reference to the due process clause of the Vth Amendment, before the enactment of Act 600 (64 Stat. 319) and of the Constitution of the Commonwealth of Puerto Rico, the right to jury trial, including unanimity of verdict in criminal cases, was not protected either by the Organic Act of 1917 or by the Federal Constitution. *Hawaii* v. *Mankichi*, 190 U.S. 197; *Balzac* v. *Puerto Rico, supra.* It would be absurd to contend that, after the enactment of Act 600, the Vth Amendment requires a trial by jury in the criminal cases prosecuted in Puerto Rican courts and also an unanimous verdict. The purpose of Act 600 was precisely to enlarge and not to restrict the powers and the autonomy of Puerto Rico over its internal matters. *Cf. Figueroa* v. *People of Puerto Rico*, 232 F.2d 615 (C.A. 1, 1956).

The rule requiring unanimity of the verdict of the jury in criminal cases has been the object of serious controversies. For example, the American Law Institute in its Code of Criminal Procedure recommended in 1930 that, except in cases requiring the death penalty, the verdicts should be rendered by the vote of ten of the jurors in all cases of felonies and by nine votes in cases of misdemeanors. See A.L.I. Code of Criminal Procedure, sec. 355 (1930), and the commentaries at pp. 1026–31. In Oregon, Article I, sec. 11 of the Constitution provides that ten members of the jury may render a verdict in criminal prosecutions with the excep-

tion of the cases of first-degree murder, for which the death penalty is provided and unanimity required. See 5 Ore. Rev. Stat. 1000–01. The Supreme Court of that state has upheld the validity of the provision. *State* v. *Osbourne*, 57 P.2d 1083 (Ore., 1936). Article VII, sec. 41 of the Constitution of Louisiana provides that in a felony case not punishable by death penalty, nine or more members of the jury may render a verdict. 2 West's La. Stat. Anno. 382–83. The Supreme Court of Louisiana has upheld the validity of said provision. See *State* v. *Flattmann*, 135 So. 3 (La., 1931); *State* v. *Doucet*, 147 So. 500 (La., 1933). The states of Idaho, Montana, Oklahoma, and Texas also allow verdicts which are not unanimous in criminal cases. See Fellman, *The Defendant's Rights*, 1958, pp. 87–89; Winters, *Majority Verdicts in the United States*, 26 J. Am. Jud. Soc'y 87 (1942); *Use of Majority Verdicts in the United States*, 33 J. Am. Jud. Soc'y 111 (1949). It is not for this Court to settle the controversy as to whether the jury should be allowed to render verdicts in criminal cases by three-fourths (¾) of its members or if unanimity should be required. In our judgment, a verdict of guilty in which each one of nine or more members of the jury find an accused guilty of the offense charged beyond a reasonable doubt, does not violate the constitutional rule that puts on the state the burden of proving the guilt of the accused *by means of evidence which leads to the certainty that, beyond a reasonable doubt, he committed the offense for which he is being prosecuted.* Cf. *Leland* v. *Oregon*, 343 U.S. 790. Even less could it be sustained that the lack of unanimity violates the presumption of innocence. The measure of persuasion of the evidence in criminal cases is not altered by the fact that the verdict is not unanimous. Each juror that votes for a verdict of guilty necessarily has to do so on the basis of evidence that leads to the certainty, beyond reasonable doubt, that the accused committed the offense. If the law provides that the vote of nine or more jurors under these circum-

stances is sufficient to render a verdict of guilty, it does not matter at all what the rest of the members of said "jury" may believe. In this respect, we cannot accept the theory that the mind of the jury is one and indivisible as if it were a question of a metaphysical entity which existed independently of the members who composed it. Abstract logic does not point out the solution which we must reach on this point. If we define the term "jury" in the way in which the appellant wishes, we would be deciding beforehand the real problem he raises in arguing that the rule of evidence beyond a reasonable doubt requires a verdict of unanimity. The problem is a practical one: to protect the accused by imposing a measure of strict persuasion (beyond a reasonable doubt) in order to judge if he is guilty. 9 Wigmore *on Evidence*, § 2497 *et seq.*; Morgan, Maguire and Weinstein, *Evidence* (1957) 417–438. We believe this right of the appellant suffered no injury from the lack of unanimity.

Judgment affirmed.

Mr. Justice Santana Becerra shall express on another occasion his opinion as to some of the points raised herein.